UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>KERRY L. SMITH,<br><br>      Defendant. | Case No. 07-cr-40038-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Kerry L. Smith's motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 290). The government has responded to the motion objecting to a reduction (Doc. 299).

Smith pled guilty to one count of conspiracy to distribute and possess with intent to distribute at least 100 kilograms of marihuana (Count 1), one count of engaging in a monetary transaction of more than $10,000 in criminally derived property (Count 2), one count of Social Security fraud (Count 3), and two counts making a false statement to obtain food stamps (Counts 4 and 5). At sentencing, with respect to Count 1, the Court found by a preponderance of the evidence that Smith's relevant conduct was at least 100 kilograms but less than 400 kilograms of marihuana, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 26. Smith's offense level was increased by one level under U.S.S.G. § 2S1.1(b)(2)(A) because of his conviction on Count 2, yielding a total offense level of 27. Considering Smith's criminal history category of V, this yielded a sentencing range for Count 1 of 120 to 150 months in prison. The Court sentenced

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2011 United States Sentencing Guidelines Manual.

Smith to serve 150 months on Count 1, with the shorter sentences on other counts to run concurrently.

Smith now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence on Count 1 to 120 months, the longest sentence he received on any other count. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but cannot become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014). The Government concedes Smith is eligible for a reduction, but asks the Court to use its discretion to deny one or, in the alternative, to lower Smith's sentence to 125 months, the high end of his reduced range.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant satisfies the first criterion because, with respect to Count 1, he was

"sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2). Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower the base offense levels associated with various drug amounts.   The amendment lowered Smith's base offense level for Count 1 from 26 to 24 and his total offense level from 27 to 25.   Thus, his sentencing range for Count 1 was lowered from 120 to 150 months to 100 to 125 months.

A reduction would also be consistent with the applicable policy statements.   The Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10.   No part of U.S.S.G. § 1B1.10 is inconsistent with granting Smith a sentence reduction.   Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for drug offenses.

The Court will grant Smith a reduction in his sentence on Count 1 to125 months, the high end of his reduced sentencing range.   In exercising this discretion, the Court is guided by the factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3582(c)(2), public safety considerations and Smith's post-sentencing conduct.   *See* U.S.S.G. § 1B1.10, note 1(B).   For the reasons stated at Smith's January 17, 2013 and February 14, 2013, sentencing hearing, the Court continues to believe a sentence at the high end of the sentencing range is appropriate considering the § 3553(a) factors.   At that point, the Court expressed some question about whether it should sentence Smith above the guideline range.   Smith's accomplishments in prison, including his substantial educational efforts and his clean disciplinary record, convince the Court now that its decision to stay within the guideline range was correct, but they do not change the Court's conclusion that a high-end sentence is warranted.   The Court has taken these accomplishments into consideration

in using its discretion to even grant a reduction.   Furthermore, the Court continues to be concerned about protecting the public from Smith's proclivity toward criminal activity that he has consistently demonstrated in his past behavior, including his 2013 attempts to defraud his creditors from his jail cell while awaiting sentencing in this case and the continued lack of evidence of any remorse for his crimes.

The Court will enter a separate order in its standard form implementing this sentence reduction.   The Court **DIRECTS** the Clerk of Court to send a copy of this order to Kerry L. Smith, #07350-025, FCI - Pekin, Federal Correctional Institution, P.O. Box 5000, Pekin, IL 61555.

**IT IS SO ORDERED.**
**DATED:   September 16, 2015**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**